UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FRANCENE GREWE, LORI EBERHARD, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COBALT MORTGAGE, INC.,<br><br>Defendant. | NO.<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Francene Grewe and Lori Eberhard, on behalf of themselves, and all others similarly situated, by and through counsel, for their Complaint against Defendant Cobalt Mortgage, Inc. ("Cobalt" or "Defendant") states as follows:

## I. PRELIMINARY STATEMENT

1.      Plaintiff Francene Grewe is a former Production Partner for Cobalt. She sold mortgages to individual customers who walked into Cobalt offices and over the telephone. Cobalt paid her and other like Production Partners an "hourly wage" as a draw against commissions without overtime premiums even though Plaintiff never sold a mortgage at a customer's home or place of business.

COLLECTIVE ACTION COMPLAINT - 1
DWT 29392719v1 0083991-000033

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

2. Plaintiff Lori Eberhard is a former Mortgage Loan Originator Assistant ("MLOA") for Cobalt. She assisted in selling mortgages to individual customers who walked into Cobalt offices and over the telephone. Cobalt paid her and other like MLOAs an hourly wage plus commissions and/or bonuses without overtime premiums even though Plaintiff never sold a mortgage at a customer's home or place of business.

3. Cobalt was "[o]ne of the largest privately-held mortgage banking firms in the US, Cobalt has offices throughout the United States, including Arizona, California, Colorado, Idaho, Louisiana, Nevada, Oregon, Texas, Utah, Washington and Wyoming and is licensed in 14 states." *See* Cobalt website: http://www.cobaltmortgage.com/about/news/62/.

4. On September 17, 2014, Caliber Home Loans, Inc. ("Caliber") announced it was acquiring Cobalt. "The combined entity will create one of the largest independent mortgage companies in the country." *See* website: http://www.cobaltmortgage.com/about/news/62/. Caliber completed the acquisition of Cobalt on or around November 5, 2014. *See* website: https://www.caliberhomeloans.com/about-us/news/2014/11/05/caliber-home-loans-completes-acquisition-of-cobalt-mortgage.

5. This is a collective and class action brought by Plaintiffs Francene Grewe and Lori Eberhard on their own behalf and on behalf of the proposed classes. Plaintiff Grewe and the proposed class members are or were employed by Defendant as "Production Partners" and other like mortgage origination jobs in similar job titles excluding MLOs who settled their wage and hour claims in the *Wheeler* litigation (collectively as "Production Partners"), and were denied overtime as required by federal and state wage and hour laws. These employees are similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

6. The Production Partner FLSA Collective is made up of all persons who are, have been, or will be employed by Cobalt as Production Partners within the United States at any time within at least three years prior to this action's filing date plus tolling through the date of final disposition of this action (the "Production Partner Collective Period").

COLLECTIVE ACTION
COMPLAINT - 2
DWT 29392719v1 0083991-000033

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

7. Plaintiff Eberhard and the proposed class members are or were employed by Defendant as "Mortgage Loan Originator Assistants," "Mortgage Loan Officer Assistants," and other like mortgage origination jobs with similar job titles (collectively as "MLOAs"), and were denied overtime as required by federal and state wage and hour laws. These employees are similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

8. The MLOA FLSA Collective is made up of all persons who are, have been, or will be employed by Cobalt as a MLOA within the United States at any time within at least three years prior to this action's filing date plus tolling through the date of final disposition of this action (the "MLOA Collective Period").

9. During the Collective Periods, Defendant failed to pay overtime compensation to each member of the Production Partner and MLOA FLSA Collectives as required by federal law. Plaintiffs seeks relief for the Production Partner and MLOA FLSA Collectives under the FLSA to remedy Defendant's failure to pay all wages due, pay overtime compensation, maintain accurate time records, and injunctive relief.

10. Defendant's policy and practice is to deny earned wages including overtime pay to its Production Partners and MLOAs. In particular, Defendants require these employees to perform work in excess of forty (40) hours per week, but fail to pay them overtime premiums.

11. Defendant's deliberate refusal to pay its Production Partners and MLOAs results in Defendant violating the FLSA and state wage and hour laws.

12. Plaintiffs and the Production Partner and MLOA FLSA Collectives are entitled to tolling of their FLSA statute of limitations because they fit within the MLO class definition in the *Wheeler v. Cobalt Mortgage, Inc.* action which was previously pending in this Court. Defendant unlawfully refused to disclose and include them in the *Wheeler* class definition so Defendant should not benefit from its unreasonable delay.

COLLECTIVE ACTION COMPLAINT - 3
DWT 29392719v1 0083991-000033

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

## II. PARTIES

13. Plaintiff Helen Grewe currently resides in Portland, Oregon. Cobalt employed Plaintiff Grewe as a Production Partner from about February 2014 to December 2014 at Cobalt's Lake Oswego office. Plaintiff Grewe's Consent to become a Party Plaintiff pursuant to 29 U.S.C. § 226(b) is attached as an exhibit.

14. Plaintiff Lori Eberhard currently resides in Loveland, Colorado. Cobalt employed Plaintiff Eberhard as a MLOA from about July 2013 to September 2014 at Cobalt's Fort Collins office. Plaintiff Eberhard's Consent to become a Party Plaintiff pursuant to 29 U.S.C. § 226(b) is attached as an exhibit.

14. Defendant Cobalt is a Washington for-profit corporation with its principal office located in King County, Washington. Cobalt does/did business in this judicial district and nationwide through the internet and other media.

## III. JURISDICTION AND VENUE

15. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

16. The United States District Court for the Western District of Washington has personal jurisdiction because Cobalt conducts business and is headquartered within this District. Personal jurisdiction is also proper in this District because Cobalt included a choice of personal jurisdiction provision in its Production Partner Agreements which mandates personal jurisdiction in this District.

17. Venue is proper in this Court pursuant to 28 U. S. C. § 1391(b), inasmuch as Cobalt has offices, conducts business, and can be found in the Western District of Washington, and the causes of action set forth herein have arisen and occurred in part in the Western District of Washington. Venue is also proper under 29 U. S. C. §1132(e)(2) because Cobalt has substantial business contacts within the state of Washington.

DWT 29392719v1 0083991-000033

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

## IV. FACTUAL ALLEGATIONS

18. Cobalt "[was] the largest privately owned mortgage banking firm in the state of Washington and [had] branch offices throughout the western United States." *See* Cobalt website: http://www.cobaltmortgage.com/about/.

19. "Cobalt Mortgage has seen extraordinary growth from its Northwest roots over the past decade, realizing more than a 50 percent increase in total loan volume in 2012 over 2011. Founded in Kirkland, Washington in 2001, Cobalt Mortgage employs nearly 1,000 and has offices in close to 50 locations throughout the U.S. The company plans to continue its expansion eastward and has recently opened branches in Apple Valley, MN and Shreveport, LA." *See* Cobalt website: http://www.cobaltmortgage.com/about/news/49/.

20. On November 6, 2014, Caliber announced that it had completed its acquisition of Cobalt.

## V. FLSA COLLECTIVE ACTION ALLEGATIONS

21. At all times relevant to this Complaint, Cobalt is and/or was an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. Cobalt employed "employee[s]," including Plaintiffs and similarly situated employees. During the time Cobalt employed Plaintiffs and similarly situated employees, Cobalt had gross operating revenues in excess of $500,000.00 which is the threshold test for the "enterprise" requirement under the FLSA.

### Production Partners

22. Plaintiff Grewe brings Count I on behalf of herself and other similarly situated employees as authorized under the FLSA, 29 U. S. C. § 216(b). The similarly situated employees are:

> All persons who are, have been, or will be employed by Cobalt as "Production Partners" and other similar mortgage origination jobs within the United States within at least the last three years plus applicable tolling periods through the entry of judgment in this case excluding those MLOs who settled their wage and hour

COLLECTIVE ACTION COMPLAINT - 5
DWT 29392719v1 0083991-000033

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

claims in the *Wheeler* litigation ("Production Partner FLSA Collective").

23. Upon information and belief, Cobalt paid Plaintiff Grewe and the Production Partner FLSA Collective on a draw against commission basis, and suffered and permitted them to work more than forty hours per week without overtime compensation. Cobalt has not paid them proper overtime compensation for hours worked beyond forty per week. The draw against commission pay plan is a uniform policy, decision, and/or plan that applies to all Production Partners.

24. Cobalt classified all Production Partners as non-exempt, but treated them as ineligible to receive overtime under the FLSA. Accordingly, Plaintiff and the Production Partner FLSA Collective were subject to Cobalt's policy, decision, and/or plan of improperly treating and/or classifying Production Partners as ineligible to receive overtime under the FLSA and failing to pay appropriate overtime compensation.

25. Cobalt uniformly applied its draw against commission payment structure to all Production Partners. Cobalt paid and/or pays "hourly wage," "commissions," and "production" under its Production Partner compensation plan and other like plan(s).

26. Cobalt suffered and permitted Plaintiff Grewe and other Production Partners to work more than forty hours per week without overtime compensation for all overtime hours worked. For example, Plaintiff and other Production Partners regularly worked at least five days a week. They usually began work in the morning. In addition, Plaintiff Grewe and other Production Partners regularly worked into the evenings and on the weekends, causing their hours worked to exceed forty in a week on a regular basis.

27. Cobalt knows and/or knew Plaintiff Grewe and other Production Partners worked more than forty hours in a week because Cobalt expects Plaintiff and Production Partners to be available to receive phone calls and answer emails – from customers, realtors, and from Cobalt's management employees – in the evenings and on weekends.

COLLECTIVE ACTION COMPLAINT - 6
DWT 29392719v1 0083991-000033

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

28. Cobalt uniformly misrepresented to Plaintiff and other Production Partners that they were ineligible to receive overtime pay.

29. Cobalt did not pay Plaintiff and other Production Partners overtime compensation even though they worked overtime hours.  Defendant uniformly applied this policy and practice to all Production Partners.

30. In reality, Plaintiff and other Production Partners are and were non-exempt sales employees who are and were entitled to overtime pay.  Defendant is and/or was in the business of selling mortgages.  Plaintiff's and other Production Partners' work is and was directly related to mortgage sales.

31. Plaintiff and other Production Partners did not customarily and regularly make sales at their customers' home or place of business.

32. Instead, Plaintiff and other Production Partners regularly made sales over the phone or in person at Cobalt's offices.

33. Plaintiff and other Production Partners did not regularly supervise the work of two or more employees.

34. Plaintiff and other Production Partners did not exercise discretion and independent judgment as to matters of significance or perform office work related to Cobalt's general business operations or its customers.

35. Plaintiff and other Production Partners had no advance knowledge in a field of science or learning which required specialized instruction that was required to perform the job.

36. All Production Partners are similarly situated in that they share common job duties and descriptions, and were all subject to Cobalt's policy and practice that designated them as ineligible for overtime premiums and thus they all performed work without overtime compensation.

37. Cobalt did not keep accurate records of the hours Plaintiff Grewe and other Production Partners worked.  Because Cobalt did not pay Plaintiff Grewe and other Production

COLLECTIVE ACTION
COMPLAINT - 7
DWT 29392719v1 0083991-000033

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

Partners for all the hours they worked, including overtime hours, Cobalt's wage statements did not accurately reflect all hours Plaintiff Grewe and other Production Partners worked.

38. Cobalt did not pay Plaintiff Grewe and other Production Partners for their overtime hours. Accordingly, Cobalt did not provide Plaintiff Grewe and other Production Partners with all compensation owed to them, including their unpaid overtime, at the time they separated.

39. Upon information and belief, Cobalt knew that Plaintiff and the Production Partner FLSA Collective performed work that required overtime pay. Cobalt required them to work long hours and weekends without the proper pay, and it is common industry knowledge that loan officers are non-exempt employees. Cobalt operated under a scheme to deprive these employees of overtime compensation by failing to properly compensate them for all hours worked.

## MLOAs

40. Plaintiff Eberhard brings Count II on behalf of herself and other similarly situated employees as authorized under the FLSA, 29 U. S. C. § 216(b). The similarly situated employees are:

> All persons who are, have been, or will be employed by Cobalt as "Mortgage Loan Originator Assistants" and other similar mortgage origination jobs within the United States within at least the last three years plus applicable tolling periods through the entry of judgment in this case ("MLOA FLSA Collective").

41. Upon information and belief, Cobalt paid Plaintiff Eberhard and the MLOA FLSA Collective an hourly wage plus bonuses and/or commissions, and suffered and permitted them to work more than forty hours per week without overtime compensation. Cobalt has not paid them proper overtime compensation for hours worked beyond forty per week. The pay plan is a uniform policy, decision, and/or plan that applies to all MLOAs.

42. Although Cobalt ostensibly classified MLOAs are non-exempt, Cobalt treated all MLOAs as ineligible to receive overtime under the FLSA in that Cobalt instructed MLOAs

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

not to record more than 40 hours of work time per week no matter how many hours they worked per week. Accordingly, Plaintiff and the MLOA FLSA Collective were subject to Cobalt's policy, decision, and/or plan of improperly treating MLOAs as ineligible to receive overtime under the FLSA and failing to pay appropriate overtime compensation.

43. Cobalt uniformly applied its payment structure to all MLOAs. Cobalt paid and/or pays "hourly wage," "commissions," and/or "production" under its MLOA compensation plan and other like plan(s).

44. Cobalt suffered and permitted Plaintiff Eberhard and other MLOAs to work more than forty hours per week without overtime compensation for all overtime hours worked. For example, Plaintiff Eberhard and other MLOAs regularly worked at least five days a week. They usually began work in the morning. In addition, Plaintiff Eberhard and other MLOAs regularly worked into the evenings and on the weekends, causing their hours worked to exceed forty in a week on a regular basis.

45. Cobalt knows and/or knew Plaintiff Eberhard and other MLOAs worked more than forty hours in a week because Cobalt expects Plaintiff Eberhard and MLOAs to be available to receive phone calls and answer emails – from customers, realtors, and from Cobalt's management employees – in the evenings and on weekends.

46. Cobalt uniformly misrepresented to Plaintiff Eberhard and other MLOAs that they were ineligible to receive overtime pay.

47. Cobalt did not pay Plaintiff Eberhard and other MLOAs for all of their overtime compensation even though they worked overtime hours. Defendant uniformly applied this policy and practice to all LOs.

48. In reality, Plaintiff Eberhard and other MLOAs are and were non-exempt sales employees who are and were entitled to overtime pay. Defendant is and/or was in the business of selling mortgages. Plaintiff Eberhard's and other MLOAs' work is and was directly related to mortgage sales.

COLLECTIVE ACTION
COMPLAINT - 9
DWT 29392719v1 0083991-000033

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

49. Plaintiff Eberhard and other MLOAs did not customarily and regularly make sales at their customers' home or place of business.

50. Instead, Plaintiff Eberhard and other MLOAs regularly made sales over the phone or in person at Cobalt's offices.

51. Plaintiff Eberhard and other MLOAs did not regularly supervise the work of two or more employees.

52. Plaintiff Eberhard and other MLOAs did not exercise discretion and independent judgment as to matters of significance or perform office work related to Cobalt's general business operations or its customers.

53. Plaintiff Eberhard and other MLOAs had no advance knowledge in a field of science or learning which required specialized instruction that was required to perform the job.

54. All MLOAs are similarly situated in that they share common job duties and descriptions, and were all subject to Cobalt's policy and practice that designated them as ineligible for overtime premiums and thus they all performed work without overtime compensation.

55. Cobalt did not keep accurate records of the hours Plaintiff Eberhard and other MLOAs worked.  Because Cobalt did not pay Plaintiff Eberhard and other MLOAs for all the hours they worked, including overtime hours, Cobalt's wage statements did not accurately reflect all hours Plaintiff Eberhard and other MLOAs worked.

56. Cobalt did not pay Plaintiff Eberhard and other MLOAs for their overtime hours.  Accordingly, Cobalt did not provide Plaintiff Eberhard and other MLOAs with all compensation owed to them, including their unpaid overtime, at the time they separated.

57. Upon information and belief, Cobalt knew that Plaintiff and the MLOA FLSA Collective performed work that required overtime pay.  Cobalt required them to work long hours and weekends without the proper pay, and it is common industry knowledge that loan officers are non-exempt employees.  Cobalt operated under a scheme to deprive these

COLLECTIVE ACTION
COMPLAINT - 10
DWT 29392719v1 0083991-000033

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

employees of overtime compensation by failing to properly compensate them for all hours worked.

58. Cobalt failed to include bonuses and commissions in the regular rate of Plaintiff and the MLOA FLSA Collective when Cobalt paid any overtime.

59. Cobalt's failure to include bonuses and/or commissions into the regular rate for overtime calculation purposes results in Cobalt violating the FLSA.

**Willfulness**

60. Cobalt is aware of wage and hour laws, as evidenced by the fact that they provide overtime compensation to other employees who are not Production Partners and MLOAs. Moreover, it is common industry knowledge that courts and the United States Department of Labor have found mortgage loan officers and assistants to be non-exempt.

61. Cobalt's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and other Production Partners and MLOAs.

62. Cobalt's unlawful conduct has been widespread, repeated and consistent.

63. MLOs previously sued Cobalt for the same overtime violations in this Court in the *Wheeler* litigation. Cobalt failed to disclose the Production Partners and MLOA Collectives even though they fit within the *Wheeler* class definition.

64. Cobalt is liable under the FLSA for failing to properly compensate Plaintiffs and the Production Partner and MLOA FLSA Collectives, and as such, notice should be sent to the FLSA Collectives. There are numerous similarly situated, current and former employees of Cobalt who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join. Those similarly situated employees are known to Defendant and are readily identifiable through Defendants' records.

65. Plaintiffs will amend their Complaint to add Rule 23 claims under various state wage and hour laws as additional persons opt-in this action.

COLLECTIVE ACTION
COMPLAINT - 11
DWT 29392719v1 0083991-000033

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

## VI.  COUNT I
### Collective Action under §216(b) of the FAIR LABOR STANDARDS ACT
### Overtime Claims -- Production Partners

66. Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint into this count.

67. The FLSA requires each covered employer such as Defendant to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

68. Plaintiff Grewe and the Production Partner FLSA Collective are entitled to be paid overtime compensation for all hours worked.

69. Cobalt, pursuant to its policies and practices, failed and refused to pay overtime premiums to Plaintiff Grewe and the Production Partner FLSA Collective for all of their hours worked.

70. Cobalt violated the FLSA, 29 U.S.C. § 201 et seq. by failing to compensate Plaintiff Grewe and the Production Partner FLSA Collective for overtime compensation.

71. Plaintiff Grewe and the Production Partner FLSA Collective do not or did not perform job duties or tasks that permit them to be exempt from overtime compensation as required under the FLSA.

72. By failing to record, report, and/or preserve records of hours worked by Plaintiff Grewe and the Production Partner FLSA Collective, Cobalt failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U. S. C. § 201 et seq.

COLLECTIVE ACTION COMPLAINT - 12
DWT 29392719v1 0083991-000033

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

73. Cobalt failed and refused to include commissions and/or bonuses in the regular rate of pay when Cobalt calculated any overtime due Plaintiff Grewe and the Production Partner FLSA Collective. This failure also violated the FLSA.

74. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U. S. C. § 255(a).

75. Plaintiff Grewe, on behalf of herself and the Production Partner FLSA Collective, seek damages in the amount of all respective unpaid overtime compensations at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages as provided by the FLSA, 29 U. S. C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

76. Plaintiff Grewe, on behalf of herself and the Production Partner FLSA Collective seeks recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

## VII.  COUNT II
### Collective Action under §216(b) of the FAIR LABOR STANDARDS ACT
### Overtime Claims -- MLOAs

77. Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint into this count.

78. Plaintiff Eberhard and the MLOA FLSA Collective are entitled to be paid overtime compensation for all hours worked.

79. Cobalt, pursuant to its policies and practices, failed and refused to pay overtime premiums to Plaintiff Eberhard and the MLOA FLSA Collective for all of their hours worked.

80. Cobalt violated the FLSA, 29 U.S.C. § 201 et seq. by failing to compensate Plaintiff Eberhard and the MLOA FLSA Collective for overtime compensation.

81. Plaintiff Eberhard and the MLOA FLSA Collective do not or did not perform job duties or tasks that permit them to be exempt from overtime compensation as required under the FLSA.

COLLECTIVE ACTION
COMPLAINT - 13
DWT 29392719v1 0083991-000033

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

82. By failing to record, report, and/or preserve records of hours worked by Plaintiff Eberhard and the MLOA FLSA Collective, Cobalt failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U. S. C. § 201 et seq.

83. Cobalt failed and refused to include commissions and/or bonuses in the regular rate of pay when Cobalt calculated any overtime due Plaintiff Eberhard and the MLOA FLSA Collective. This failure also violated the FLSA.84. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U. S. C. § 255(a).

85. Plaintiff Eberhard, on behalf of herself and the MLOA FLSA Collective, seek damages in the amount of all respective unpaid overtime compensations at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages as provided by the FLSA, 29 U. S. C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

86. Plaintiff Eberhard, on behalf of herself and the MLOA FLSA Collective seeks recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

## VIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Production Partner and MLOA Collectives, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the Production Partner and MLOA FLSA Collectives, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b);

COLLECTIVE ACTION COMPLAINT - 14
DWT 29392719v1 0083991-000033

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1   B. A declaration that Defendant is financially responsible for notifying the Production Partner and MLOA FLSA Collectives of Defendant's alleged wage and hour, and wage deduction violations;

  C. Designation of Rowdy Meeks Legal Group LLC as the attorneys representing the Production Partner and MLOA FLSA Collectives;

  D. Judgment against Defendant for an amount equal to Plaintiffs' and the Production Partner and MLOA FLSA Collectives' unpaid overtime wages at the applicable rates;

  E. A finding that Defendant's conduct was willful;

  F. An equal amount to the overtime wages as liquidated damages;

  G. An injunction against Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendant, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

  H. All costs and attorney' fees incurred prosecuting these claims, including expert fees;

  I. Pre-judgment and post-judgment interest, as provided by law; and

  J. Such further relief as the Court deems just and equitable.

## IX.  DEMAND FOR JURY TRIAL

Plaintiffs, individually and behalf of all others similarly situated, hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial pursuant to Federal Rule of Civil Procedure 38(b).

RESPECTFULLY SUBMITTED AND DATED this 21st day of April, 2016.

       ROWDY MEEKS LEGAL GROUP LLC

       By: /s/ Rowdy B. Meeks
       Rowdy B. Meeks, *pro hac vice forthcoming*
       Email: Rowdy.Meeks@rmlegalgroup.com
       ROWDY MEEKS LEGAL GROUP LLC

COLLECTIVE ACTION COMPLAINT - 15
DWT 29392719v1 0083991-000033

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

| | |
|---|---|
| 1 | 10601 Mission Rd., Suite 100 |
| | Leawood, Kansas 66206 |
| 2 | Telephone: (913) 766-5585 |
| | Facsimile: (816) 875-5069 |
| 3 | |
| | By: /s/ Beth E. Terrell |
| 4 | Beth E. Terrell, WSBA #26759 |
| | TERRELL MARSHALL DAUDT & |
| 5 | WILLIE PLLC |
| | Email: bterrell@tmdwlaw.com |
| 6 | 936 North 34th Street, Suite 300 |
| | Seattle, WA 98103 |
| 7 | Telephone: (206) 816-6603 |
| | Facsimile: (206) 350-3528 |
| 8 | |
| 9 | *Attorneys for Plaintiffs* |

COLLECTIVE ACTION COMPLAINT - 16
DWT 29392719v1 0083991-000033

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com