1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9  FRANCENE GREWE and LORI EBERHARD, on
   behalf of themselves and all others similarly
10 situated,                                              No. 2:16-cv-00577

11                          Plaintiffs,                   JOINT MOTION FOR FLSA
                                                          COLLECTIVE CERTIFICATION AND
12            v.                                          SETTLEMENT APPROVAL

13 COBALT MORTGAGE, INC.,                                 NOTE ON MOTION CALENDAR:
                                                          May 6, 2016
14                          Defendant.
                                                          NO ORAL ARGUMENT REQUESTED
15

16

17

18         Plaintiffs Francene Grew and Lori Eberhard ("Plaintiffs") and Defendant Cobalt

19 Mortgage, Inc. ("Cobalt") jointly move the Court to grant the parties' Joint Motion for FLSA

20 Collective Action Certification and Settlement Approval.   Following a pre-dispute mediation,

21 the parties reached a settlement in this case, and now jointly move the Court for (1) FLSA

22 certification of the collective action; (2) approval of the settlement; and (3) approval of the

23 agreed notice and claim form.   The Court should grant the parties' Motion because their

24 settlement is a fair and reasonable resolution of the parties' bona fide disputes as to liability and

25 damages under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

26

27

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

I.      RELEVANT BACKGROUND

In January 2016, plaintiffs' counsel Rowdy Meeks contacted Cobalt's counsel and alleged that Cobalt violated the FLSA by failing to pay former Production Partner Ms. Grewe and former Mortgage Loan Officer Assistant ("MLOA") Ms. Eberhard for all overtime hours worked.  Declaration of Taylor Ball in Support of Joint Motion for Collective Action Certification and Settlement Approval ("Ball Decl."), ¶ 2.  Plaintiffs further alleged that Cobalt also failed to pay all other Production Partners and MLOAs in the United States for all overtime hours worked.  *Id.*  The parties agreed to mediate the case before Plaintiffs filed their complaint because the parties had recently settled a similar loan officer FLSA overtime case which Judge Coughenour fully approved.[1]  *Id.* ¶ 3.

The mediation for this case occurred on March 10, 2016, with Theresa Wakeen, a respected mediator in complex wage and hour class action litigation.  Ball Decl. ¶ 4.  Ms. Wakeen likewise mediated the *Wheeler* case so she was familiar with some of the issues and parties in this case.  *Id.*  Before the mediation, the parties exchanged information, data, and documents necessary to fully and fairly evaluate the putative collective members' claims, including employees' dates of employment, weeks worked in the relevant time period, and compensation data.  *Id.* ¶ 5.  Plaintiffs' counsel also was familiar with various aspects of Cobalt's operations and compensation structure based on a prior wage-and-hour collective action he litigated against Cobalt in 2015.  *See id.*  Thus, the parties' respective counsel had sufficient information in advance of the mediation to fully analyze the claims and defenses at issue in this case.  At the mediation, the parties reached agreement on the terms of a settlement agreement, including agreement as to FLSA collective action certification, and the form and manner of judicial notice to putative collective members.  *Id.* ¶ 4.

---

[1] That case was entitled *Shannon Wheeler, on behalf of herself and all others similarly situated, Plaintiff, v. Cobalt Mortgage, Inc., Defendant*, U.S.D.C., W.D. Wash., No. 2:14-cv-01847-JCC.  Ball. Decl. ¶¶ 3, 5.  Ms. Wheeler alleged that Cobalt failed to pay her and all other employees called Mortgage Loan Originators in compliance with the FLSA.  *Id.* ¶ 5.  In June 2015, the parties reached an agreement to settle that case on a collective basis, and on October 16, 2015, Judge Coughenour approved that settlement.  *Id.*

JOINT MOTION FOR SETTLEMENT APPROVAL - 2
[2:16-cv-00577]
DWT 29302460v4 0083991-000033

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

## II.    SUMMARY OF THE PARTIES' SETTLEMENT AGREEMENT

### A.    Gross Settlement Amount.

The parties' settlement agreement here is very similar to the settlement agreement the parties reached in the *Wheeler* case and which Judge Coughenour fully approved.  The settlement agreement provides that Cobalt will pay a total of $650,000 to settle this litigation ("Gross Settlement Amount").  *See* Settlement Agreement (attached as Exhibit 1 to this Motion), at ¶ 7.1.  This is the maximum that Cobalt will pay to provide cash compensation to Plaintiffs and all opt-in plaintiffs, and to pay administrative costs, plaintiffs' counsel's attorneys' fees, litigation costs, and incentive awards. *Id.* ¶¶ 7.1, 8.1, 10.1, 10.2.  Cobalt will also pay the employer's share of standard payroll deductions on the W-2 settlement amounts paid to Plaintiff and all opt-in plaintiffs in addition to the Gross Settlement Amount. *Id.* ¶ 12.2.

### B.    Settlement Allocations.

The individual settlement amount allocated to each opt-in plaintiff will be calculated as follows.  First, each putative collective member's average weekly compensation will be multiplied by the number of covered weeks worked by the putative collective member during the relevant time period to determine that individual's points.  Second, all putative collective members' individual points will be added together to determine the total points.  Third, the Gross Settlement Amount – minus attorneys' fees, litigation costs, administrative fees, and service awards – will be divided by the total points to determine the net share of the fund per point.  Fourth, the share of each putative collective member who opts in to the settlement will be determined by multiplying that individual's points by the net share per point.  *See* Settlement Agreement ¶¶ 8.5.1-8.5.3.

Half of each opt-in plaintiff's allocation will be paid on a Form 1099 as liquidated damages and the other half will be paid on a Form W-2 as wages.  Settlement Agreement ¶ 12.1.  Employee-side taxes will be withheld from the W-2 portions of each opt-in plaintiff's settlement allocation and paid to the applicable taxing authorities. *Id.*

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200  ·  1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150  ·  Fax: (206) 757-7700

1    Each putative collective member will have the choice whether or not to opt-in and accept

2 the settlement amount.  Settlement Agreement ¶¶ 8.3, 8.4.  Only those putative collective

3 members who opt into the case and choose to accept the settlement will release their claims.  *See*

4 *id.* ¶ 9.2.  Those putative collective members who choose not to opt in the case do not waive any

5 claims and may maintain their own actions if they desire.  *Id.*

6    Plaintiffs' counsel will separately move the Court to approve an attorneys' fee award of

7 twenty-five percent (25%) of the Gross Settlement Amount plus reasonable litigation costs of

8 approximately $10,000.  Settlement Agreement ¶ 10.1.  Plaintiffs also will move for a service

9 award of $5,000 each for Plaintiffs Francene Grew and Lori Eberhard.  *Id.* ¶ 10.2.  These fees,

10 costs, and awards are contemplated in the parties' settlement agreement, and Cobalt will not

11 oppose them.  To the extent the Court does not approve any portion of these amounts, any such

12 remaining amounts will be included in the amount distributed to the opt-in plaintiffs.

13    **C.    Notice and Claims Process and Settlement Administration.**

14    With the Court's approval, the Settlement will be administered by a third party

15 administrator, Analytics LLC ("Settlement Administrator").  Settlement Agreement ¶ 8.1.

16 Reasonable fees and expenses of the Settlement Administrator shall be deducted from the Gross

17 Settlement Amount.  *Id.*

18    With the Court's approval, the Settlement Administrator will mail the agreed upon

19 Settlement Notice and Claim Forms to each putative collective member.  Settlement Agreement

20 ¶ 8.3.  The parties request that the Court approve the notice and claim form, attached hereto as

21 Exhibit 2 ("Notice and Claim Form").  The Notice and Claim Form fully explains the settlement,

22 and includes information regarding each plaintiff's right to either (1) accept the settlement by

23 submitting a signed claim form or (2) not respond and not be bound by any final judgment in this

24 case.  Notice and Claim Form ¶ 9.[2]  The Notice and Claim Form notifies putative collective

25

26 [2] For putative collective members who worked in Washington, the Notice also explains how accepting the settlement
payment will impact their rights in a lawsuit pending in Washington Superior Court entitled *Shari Bell-Beals, Alan*
27 *Thain, and Eric Engelland v. Cobalt Mortgage, Inc., Keith D. Tibbles, and Charles E. Gehre,* King County Superior

JOINT MOTION FOR SETTLEMENT APPROVAL - 4
[2:16-cv-00577]
DWT 29302460v4 0083991-000033

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

member that they have thirty (30) days to postmark or otherwise return a signed claim form indicating his or her intent to accept the settlement.  *Id.*

The Settlement Administrator will calculate individual settlement amounts within ten (10) days of the claim deadline, and the Settlement Administrator will then mail settlement checks to each opt-in plaintiff within twenty-five (25) business days following calculation.  *See* Settlement Agreement ¶¶ 8.6-8.9.  Settlement checks will remain negotiable for six months.  *Id.* ¶ 8.10.  Any uncashed checks after that date will be cancelled and the check amounts sent to the applicable state unclaimed property division.  *Id.*

### D.        The Parties' Positions on the Settlement Amount.

The parties agree that the gross settlement amount represents a full and fair settlement of the claims in this case.  Settlement Agreement ¶¶ 3.1-3.2.

Plaintiffs' counsel has diligently and thoroughly investigated the facts of the case and researched the legal issues involved.  Based on his own independent investigation and evaluation into the claims and based on Cobalt's representations as to its financial viability, plaintiffs' counsel believes that settlement for the consideration and other terms set forth in the agreement is fair and reasonable and in the best interests of the putative collective members.  While plaintiffs' counsel believes the claims asserted have merit, he recognizes and acknowledges that the time, cost, and burden to fully litigate this action would be significant.  In reaching this Settlement, plaintiffs' counsel has also taken into account the uncertainty and risks inherent in any litigation, especially in complex collective actions such as this one.  *See* Declaration of Plaintiffs' Counsel Rowdy B. Meeks in Support of Joint Motion for FLSA Collective Certification and Settlement Approval ("Meeks Decl."), ¶¶ 2-4.

Cobalt denies liability or wrongdoing associated with plaintiffs' claims.  Furthermore, Cobalt believes that it has several defenses that would significantly limit the size of the putative

---

Court, No. 15-2-18157-2 SEA (filed July 28, 2015), which alleges the defendants failed to properly pay Production Partners and MLOAs (among others) all overtime owed under Washington law.  Notice and Claim Form ¶ 10.

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

collective as well as potential damages in this case.  Cobalt's position is that Production Partners and MLOAs generally did not work overtime or did not work a significant amount of overtime, and that some who did work overtime received overtime pay.  Although Cobalt does not abandon the position it took in this action, it believes that continued litigation would be protracted, expensive, uncertain, and contrary to its best interests.  Furthermore, Cobalt was sold to another company on November 4, 2014, prior to the filing of this lawsuit, and is currently winding down its corporate activities.  Any settlement funds must come out of Cobalt's limited reserves, as operations have ceased.  In light of these realities, Cobalt believes that the agreement is fair and reasonable and the best course of resolution of this action.

### E.    Agreement to Certify the FLSA Collective Action.

The parties agree, for settlement purposes only, to stipulate to the certification of a FLSA collective action of Putative Collective Members, defined in the Settlement Agreement as "any individual who worked as a non-exempt Production Partner or MLOA for Defendant at any time since March 1, 2013 and who did not previously execute a release of claims against Cobalt." Settlement Agreement ¶¶ 5.1, 1.18.  Cobalt reserves the right to challenge the propriety of collective certification for any purpose in the event that the Court does not certify the collective action for settlement purposes.

### III.    ANALYSIS

### A.    Collective Action Settlements Are Encouraged.

There is a "strong judicial policy that favors settlements" and an "overriding public interest in settling and quieting litigation" particularly where FLSA collective and class action litigation is concerned.  *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1278 (9th Cir. 1992) (reversal of settlement approval only upon clear showing of abuse of discretion): *Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976) (public interest in containing the burdens of expensive class-action litigation favors settlement).  Indeed, the Ninth Circuit "has long deferred to the private consensual decision of the parties" regarding the amount of settlement and "put[s] a good

deal of stock in the product of an arms-length non-collusive negotiated resolution." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009).

**B.     This Court Should Approve The Parties' FLSA Settlement Because It Is Fair And Reasonable.**

An FLSA collective action is not a class action – individuals participating affirmatively choose to be bound and represented by counsel, and there are no absent class members whose claims are being settled. *See Brown v. Money Tree Mortgage, Inc.*, 222 F.R.D. 676, 678 (D. Kan. 2004); *Clougherty v. James Vernor Co.*, 187 F.2d 288, 290 (6th Cir. 1951). Thus, the reasons for judicial scrutiny of class action settlements are not present in FLSA opt-in settlements, because absent class members are not bound by the case's outcome. *Wagner v. Loew's Theatres, Inc.*, 76 F.R.D. 23, 24-25 (M.D.N.C. 1977). Unlike settlements under Rule 23, FLSA settlements are not subject to a two-stage process of preliminary approval followed by final approval, and no final fairness hearing is required. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-54 (11th Cir. 1982).

An employee cannot waive his FLSA claims without approval by the Secretary of Labor or a district court. *Lynn's Food Stores*, 679 F.2d at 1353; *Lee v. The Timberland Co.*, 2008 WL 2492295, at *2 (N.D. Cal. June 19, 2008). "[T]he proper procedure for obtaining court approval of the settlement of FLSA claims is for the parties to present to the court a proposed settlement, upon which the district court may enter a stipulated judgment only after scrutinizing the settlement for fairness." *Lee*, 2008 WL 2492295, at *2 (quotation omitted). In reviewing the parties' Settlement here, this Court "must determine whether the settlement is a fair and reasonable resolution of a bona fide dispute." *Id.*

The Ninth Circuit has held that "[i]f a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, . . . the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* (citation omitted); *see also Lynn's Food Stores*, 697 F.2d at 1355.

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Here, this Court should approve the parties' settlement because it is a fair and reasonable compromise of a bona fide dispute between the parties.

### 1. A *Bona Fide* Dispute Exists Between the Parties.

As a threshold matter, the Court should conclude that the parties' proposed settlement represents a resolution of a bona fide dispute. The parties have identified several areas in dispute. If litigation were to continue, plaintiffs would have to formally move for conditional collective certification and court-authorized notice, which Cobalt would have contested. Furthermore, the parties dispute the central merits issues of the case including: (1) whether putative collective members performed any overtime for which Cobalt did not already pay them; (2) the amount of unpaid overtime, if any; and (3) whether any violation of the FLSA was willful. "These disputes show that bona fide issues persist as to the amount of wages, if any, still owed to the plaintiffs, and that the proposed settlement 'reflects a reasonable compromise over issues that are actually in dispute… rather than a waiver of statutory rights.'" *See, e.g.*, *Lee*, 2008 WL 2492295, at *2 (bona fide issues include challenge to defendant's exemption classification of employees and amount of overtime worked).

### 2. The Settlement is Fair and Reasonable.

There is a "strong presumption in favor of finding a settlement fair." *Velez v. Audio Excellence, Inc.*, 2011 WL 4460110, at *1 (M.D. Fla. Sept. 21, 2011) (citing *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)). The parties' settlement here is very similar to the settlement Judge Coughenour approved in the *Wheeler* case. Furthermore, four relevant considerations confirm that this settlement, which arises out of a threatened action for overtime wages and provides substantial compensation to the opt-in plaintiffs, is fair and reasonable.

First, the "Court may presume that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary." *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 725 (E.D. La. 2008). There is no evidence of collusion here. The parties engaged in discovery and participated in arms-length and good-faith settlement negotiations, including a mediation with a respected mediator. The final settlement amount was accepted by both parties

JOINT MOTION FOR SETTLEMENT APPROVAL - 8
[2:16-cv-00577]
DWT 29302460v4 0083991-000033

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

after engaging in extensive negotiations over the course of a full-day mediation. *See, e.g.*, *Satchell v. Fed. Exp. Corp.*, 2007 WL 1114010, at *4 (N.D. Cal. Apr. 13, 2007) ("The assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive.").

Second, if litigation were to continue, the parties would likely expend significant resources due to the complexity and likely duration of the litigation. The parties would engage in additional discovery and additional motions practice, including motions for conditional certification and for decertification. This is especially relevant here because Cobalt has ceased operations, has limited cash available, and the parties' settlement pays this cash to the putative class members instead of litigation expenses. Continued litigation would decrease the settlement funds available to putative class members. *See Garner v. State Farm Mut. Auto. Ins. Co.*, 2010 WL 1687832, at *10 (N.D. Cal. Apr. 22, 2010) ("Settlement avoids the complexity, delay, risk and expense of continuing with the litigation and will produce a prompt, certain, and substantial recovery for the Plaintiff class.") (quotation omitted).

Third, the parties engaged in informal discovery prior to engaging in mediation to determine the reasonableness of the settlement. Cobalt provided plaintiffs' counsel with detailed payroll information for all putative collective members. In addition, the parties had various background information regarding Cobalt's operations and certain pay practices from the prior *Wheeler* litigation. The parties therefore entered mediation well informed and prepared to properly resolve the claims involved.

Fourth, plaintiffs were represented by counsel experienced in handling wage and hour class and collective actions, including actions involving similar job categories. Plaintiffs' counsel has the experience to assess the risks of continued litigation and benefits of settlement. Cobalt's counsel is likewise experienced in defending similar claims. Counsel for both parties have advised their respective clients regarding the settlement and have recommended judicial approval thereof. "Great weight is accorded to the recommendation of counsel, who are most

JOINT MOTION FOR SETTLEMENT APPROVAL - 9
[2:16-cv-00577]
DWT 29302460v4 0083991-000033

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1  closely acquainted with the facts of the underlying litigation." *Adoma v. Univ. of Phoenix, Inc.*,

2  913 F. Supp. 2d 964, 977 (E.D. Cal. 2012) (quotation omitted).

3              **IV.    CONCLUSION**

4        For all of the foregoing reasons, the parties respectfully request that the Court (1) grant

5  the joint motion; (2) certify the FLSA collective as defined above; (3) approve the proposed

6  settlement attached hereto as Exhibit 1; and (4) approve notice to putative collective members in

7  the form attached hereto as Exhibit 2.

8        DATED this 18th day of April, 2016.

9

10                                  ROWDY MEEKS LEGAL GROUP LLC
                                    By: *Rowdy B. Meeks*
11                                  Rowdy B. Meeks, *Pro Hac Vice Motion*
                                    *Forthcoming*
12                                  Email: Rowdy.Meeks@rmlegalgroup.com
13                                  10601 Mission Road, Suite 100
                                    Leawood, KS 66206
14                                  Telephone: (913) 766-5585
                                    Facsimile: (816) 875-5069
15

16                                  By: /s/ Beth E. Terrell
                                    Beth E. Terrell, WSBA #26759
17                                  TERRELL MARSHALL DAUDT & WILLIE
                                    PLLC
18                                  Email: bterrell@tmdwlaw.com
19                                  936 North 34th Street, Suite 300
                                    Seattle, WA 98103
20                                  Telephone:  (206) 816-6603
                                    Facsimile: (206) 350-3528
21
                                    *Attorneys for Plaintiffs*
22

23  ///

24  ///

25  ///

26  ///

27

JOINT MOTION FOR SETTLEMENT APPROVAL - 10
[2:16-cv-00577]
DWT 29302460v4 0083991-000033

1   ///

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Davis Wright Tremaine LLP
By: *s/Taylor S. Ball*
    Sheehan Sullivan Weiss, WSBA #33189
    Fred Burnside, WSBA #32491
    Taylor S. Ball, WSBA #46972
    1201 Third Avenue, Suite 2200
    Seattle, WA 98101-3045
    Telephone: (206) 622-3150
    Facsimile: (206) 757-7700
    Email:  fredburnside@dwt.com
    Email:  sheehansullivanweiss@dwt.com
    Email:  taylorball@dwt.com

*Attorneys for Defendant Cobalt Mortgage, Inc.*

JOINT MOTION FOR SETTLEMENT APPROVAL - 11
[2:16-cv-00577]
DWT 29302460v4 0083991-000033

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## **CERTIFICATE OF ELECTRONIC SERVICE**

I hereby certify that on April 21, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system.  All other parties (if any) shall be served in accordance with the Federal Rules of Civil Procedure.

DATED this 21st day of April, 2016.

Davis Wright Tremaine LLP
Attorneys for Defendant Cobalt Mortgage, Inc.


By  s/ *Margaret C. Sinnott*
        Margaret C. Sinnott
        1201 Third Avenue, Suite 2200
        Seattle, Washington 98101-3045
        Telephone: (206) 622-3150
        Facsimile: (206) 757-7700
        Email: margaretsinnott@dwt.com

JOINT MOTION FOR SETTLEMENT APPROVAL - 12
[2:16-cv-00577]
DWT 29302460v4 0083991-000033

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200  ·  1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150  ·  Fax: (206) 757-7700