THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FRANCENE GREWE and LORI EBELHARD, on behalf of others similarly situated,

Plaintiffs,

v.

COBALT MORTGAGE, INC.,

Defendant.

CASE NO. C16-0577-JCC

ORDER

This matter comes before the Court on a Joint Motion for FLSA Collective Certification and Settlement Approval by Plaintiffs and Defendant Cobalt Mortgage (Dkt. No. 3), their motion for an award of attorney fees, expenses, and service awards (Dkt. No. 6), a Motion to Intervene from Eric Engelland (Dkt. No. 14), Engelland's objection to the proposed settlement (Dkt. No. 15), Plaintiffs' Response (Dkt. No. 21), Defendant's Response (Dkt. No. 22), and Engelland's Reply (Dkt. No. 28). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary, GRANTS Engelland's motion to intervene, and DENIES WITHOUT PREJUDICE the parties' motions for settlement and approval and an award of fees (Dkt. Nos. 3 and 6), and ORDERS additional briefing with regard to the proposed settlement, for the reasons explained herein.

## I. BACKGROUND

This case comes before the Court with an untraditional procedural background. On April 21, 2016, Plaintiffs Francene Grewe and Lori Eberhard filed their complaint against their former employer, Defendant Cobalt Mortgage, Inc. ("Cobalt") alleging violations of the overtime provisions of the Fair Labor Standards Act ("FLSA"). (Dkt. No. 1.) On the same day, the parties filed a joint motion for certification of the FLSA collective action and approval of a settlement, as the parties conducted mediation on March 10, 2016. (Dkt. No. 3 at 2.) As Plaintiffs explain in their joint motion for settlement approval, the parties agreed to mediate this case prior to filing a complaint based on having recently settled a similar FLSA overtime case against Cobalt, *Wheeler v. Cobalt Mortgage, Inc.*, C14-1847-JCC. (*Id.*) The mediation was held with Theresa Wakeen, who also mediated the *Wheeler* case. (*Id.*) Moreover, Plaintiffs' counsel indicates that he was familiar with many aspects of Cobalt's compensation structure having represented the Plaintiff in *Wheeler*. (*Id.*)

At mediation, the parties reached a settlement agreement in which Cobalt would pay a total of $650,000 to cover all aspects of the settlement including notice costs and attorney fees. (Dkt. No. 3 at 3.) There are approximately 427 putative collective action members, former Production Partners or Mortgage Loan Officer Assistants ("MLOAs") for Cobalt. (Dkt. No. 6 at 2.)

Shortly after the parties moved for approval of this settlement, a former Production Partner, Eric Engelland, moved to intervene in this action (Dkt. No. 14) and objected to the proposed settlement, arguing that the "proposed settlement amount is unconscionably low." (Dkt. No. 15 at 5.) Plaintiffs and Defendant oppose Engelland's motion to intervene and the merits of his objection. Notably, Engelland is a named plaintiff in a pending lawsuit in King County Superior Court, filed in July 2015, also pertaining to Cobalt's overtime compensation practices. (Dkt. No. 14 at 1.)

## II. DISCUSSION

### A. Standard of Review

The FLSA was enacted "to raise substandard wages and to give additional compensation for overtime work as to those employees within its ambit, thereby helping to protect this nation 'from the evils and dangers resulting from wages too low to buy the bare necessities of life and from long hours of work injurious to health.'" *U.S. v. Rosenwasser*, 323 U.S. 360, 361 (1945) (quoting Sen. Rep. No. 884 (75th Cong., 1st Sess.) at 4). The statute itself states as its purpose to guarantee "the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202. One of its "principal purposes . . . is to ensure that employees are provided appropriate compensation for all hours worked." *Ballaris v. Wacker Siltronic Corp*., 370 F.3d 901, 913 (9th Cir. 2004).

As a remedial statute, in construing the FLSA, courts "must be mindful of the directive that it is to be liberally construed to apply to the furthest reaches consistent with Congressional direction." *Biggs v. Wilson*, 1 F.3d 1537, 1539 (9th Cir. 1993) (citing *Mitchell v. Lublin, McGaughy & Assoc.*, 358 U.S. 207, 211 (1959). "The FLSA's minimum wage and overtime provisions are central among the protections the Act affords to workers." *Adair v. City of Kirkland*, 185 F.3d 1055, 1059 (9th Cir. 1999).

Employees bringing suit under the FLSA may do so on behalf of other similarly situated employees. 29 U.S.C. § 216(b). Unlike class actions brought under Fed. R. Civ. P. 23, FLSA collective actions are "opt-in," meaning that employees joining the action must file written consent with the Court. *Bollinger v. Residential Capital, LLC*, 761 F. Supp. 2d 1114, 1119 (W.D. Wash. 2011). The FLSA itself does not define the term "similarly situated," nor has the Ninth Circuit. *See Ramirez v. Ghilotti Bros, Inc.*, 941 F. Supp. 2d 1197, 1203 (N.D. Ca. 2013). In reviewing proposed settlements of FLSA collective actions, courts "must determine whether the settlement is a fair and reasonable resolution of a bona fide dispute." *See Lee v. Timberland Co.*, 2008 WL 2492295, at *2 (N.D. Cal. June 19, 2008); *see also Fontes v. Drywood Plus, Inc.*, 2013 WL 6228652, at *6 (D. Ariz. Dec. 2, 2013); *Selk v. Pioneers Memorial Healthcare District*, 2016 WL 519088, at *3 (S.D. Cal. Jan. 29, 2016). Where, as here, the "parties reach a settlement

agreement prior to class certification, courts must peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement," and "settlement approval requires a higher standard of fairness and a more probing inquiry than may normally be required under Rule 23(e)." *Otey v. CrowdFlower, Inc.*, 2014 WL 1477630, at *4 (N.D. Cal. Apr. 15, 2014) (*citing Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir.2003); *Dennis v. Kellogg Co*., 697 F.3d 858, 864 (9th Cir. 2012)).

**B. Motion to Intervene**

The Federal Rules of Civil Procedure set forth processes for both mandatory and permissive intervention. Under Fed. R. Civ. P. 24(a), a court must allow an applicant to intervene if four conditions are met: (1) the motion is timely; (2) the applicant has a "significantly protectable" interest in the property or transaction that is the subject of the action; (3) resolving the action may, as a practical matter, impair or impede the movant's ability to protect that interest; and (4) the existing parties do not adequately represent that interest. Fed. R. Civ. P. 24(a)(2); *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 817–18 (9th Cir. 2001) (internal quotation marks and citation omitted). The party seeking to intervene must show that it meets all requirements for intervention. *See United States v. Alisal Water Corp*., 370 F.3d 915, 919 (9th Cir. 2004).

Conversely, Fed. R. Civ. P. 24(b) also authorizes permissive intervention. "An applicant who seeks permissive intervention must prove that it meets three threshold requirements: (1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims." *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998). Whether or not to allow permissive intervention is a matter of court discretion. *Id.*

Engelland seeks both to intervene as a matter of right, and a limited permissive intervention: he indicates that he only seeks to intervene in this case with respect to whether the proposed settlement is "fair and reasonable." (Dkt. No. 14 at 3, 4.) The Court finds permissive

intervention appropriate here. Engelland shares common questions of law and fact with the underlying action as a similarly-wronged Production Partner who worked for Defendant Cobalt. (*Id.* at 1.) Engelland seeks similar redress under the theory that Cobalt did not include commissions in calculating the regular rate for overtime, and discouraged its employees from recording all hours worked. (*Id.* at 3–4.) Moreover, Engelland's motion—filed eleven days after the complaint and motion for settlement approval—is timely. Finally, jurisdiction is not an issue as intervention in this case merely allows the Court to consider Engelland's objections in its review of the parties' joint motion for settlement approval.

Both the named Plaintiffs to this case and Defendant Cobalt oppose Engelland's motion to intervene. (Dkt. Nos. 21 and 22.) The parties argue that Engelland, as an individual, does not have standing to intervene, particularly because FLSA collective actions are opt-in and it is unlikely that Engelland would ever be affected by this settlement. (Dkt. No. 21 at 3.) Moreover, other would-be collective action members may decline to opt into this settlement under the same logic. (*See* Dkt. No. 22 at 5.) However, as Engelland argues, the current proposed settlement does not notify potential collective action members of the possibility of additional recovery. Engelland raises arguments pertinent to Production Partners in Washington: notably, that it may be possible to hold two of Cobalt's executive officers individually liable, and that the time period for calculating potential recovery may be extended under the case pending in King County Superior Court, *Bell-Beals*. (Dkt. No. 15 at 6, 11). In short, Engelland raises objections that may more fully inform some members of this collection action as they make their decision whether to opt-in to the settlement.

Engelland's motion to intervene for the purposes of objecting to the parties' proposed settlement (Dkt. No. 14) is GRANTED.

**C. Proposed Settlement**

The Court now turns to the parties' motion for settlement approval, in light of Engelland's objection. The parties argue that the proposed settlement, in which Cobalt would

pay $650,000 to cover administrative costs, attorney fees, litigation costs, incentive awards, and compensation to opt-in plaintiffs, is a "fair and reasonable" resolution of a bona fide dispute. (Dkt. No. 3 at 7–11.)

First, no party to this inquiry contests that this case presents a bona fide dispute. Particularly damning to Cobalt, for instance, is the fact that the Department of Labor refers to policies in which employees are paid a lower hourly rate, supplemented by commissions, but overtime is based on the lower rate alone—like that allegedly employed in this case—as "schemes." 29 C.F.R. § 778.500(a)-(c). While Cobalt continues to deny liability (*see* Dkt. No. 3 at 5–6; Dkt. No. 3-2 at 2–3), the Court is satisfied that a bona fide dispute exists with respect to its overtime payment practices.

Whether the proposed settlement is "fair and reasonable," presents a more complicated question, particularly in light of Engelland's objections. In determining whether a settlement is "fair and reasonable," the Court considers the factors used to evaluate settlements under Rule 23: *inter alia*, such factors as the risk, expense, complexity, and likely duration of litigation; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; and the reaction of class members to the proposed settlement. *Otey v. CrowdFlower, Inc.*, 2014 WL 1477630, at *4 (citing *Hanlon v. Chrsler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1988)).

The Court finds, in light of the pertinent factors, that more information is needed regarding Cobalt's financial condition and Plaintiffs' litigation strategy. It cannot at this time adopt the proposed settlement as fair and reasonable.

Notably, very little formal discovery has taken place and the parties filed for settlement approval on the same day as the complaint. The reaction of putative class member Engelland is also particularly informative. And, while it is certainly true that adoption of any settlement serves to avoid further litigation, boilerplate language about the expenditure of significant resources due to the "complexity and likely duration of the litigation" is rebutted by Engelland's arguments that this case may actually present relatively straightforward questions of law. In other words, no

meaningful evidence establishes the complexity and likely duration of litigation in this case.

With respect to the amount offered in settlement, as discussed above, Engelland points out that collective action members—and particularly Production Partners in Washington—may be entitled to considerably more compensation than the approximately $37 per week under the presently-proposed settlement. (Dkt. Nos. 15 and 28.) First, the proposed settlement does not provide or acknowledge the availability of liquidated damages under 29 U.S.C. § 216(b). Second, the settlement does not discuss efforts to name Cobalt's President or Vice President as defendants, despite case law holding corporate officers with "significant ownership interest[s]" and "operational control of significant aspects of . . . day to day functions, including compensation" personally liable under the FLSA. *Donovan v. Agnew*, 712 F.2d 1509, 1514 (1st Cir. 1983). Third, the settlement does not explore—not does it purport to—the difference in statute of limitations present in the above-captioned matter as compared to the *Bell-Beals* case in King County Superior Court.

Somewhat misleadingly, Plaintiffs continue to cite to *Wheeler* in urging the Court to accept this settlement offer, and note that Engelland does not object to aspects of the settlement such as the form of notice, or the attorney fee award. (Dkt. No. 21 at 2–3.) This ignores an obvious distinction: no party came forward to object in *Wheeler*. *See generally* C14-1847-JCC. Adoption of the settlement in *Wheeler* does not constitute a reason to ignore the information presented in this case. Moreover, Engelland need not object to all aspects of the proposed settlement, as his objection is far simpler: the settlement amount is too low to constitute a fair and reasonable resolution of very strong FLSA claims.

Finally, the Court notes the suspicious nature of a letter drafted by Cobalt directed towards putative members of this collective action. (Dkt. No. 3-1 at 21–22.) In the letter, Cobalt's CEO and President "encourages" former employees to opt-in to this settlement. (*Id.*) The letter mischaracterizes the *Bell-Beals* litigation, writing that the King County case was filed "after the parties reached their settlement in *Grewe*." (*Id.* at 21.) The heavy-handed letter

concludes: “I encourage you to accept the *Grewe* settlement payment because it provides you with a fast and guaranteed payment, protects you against uncertain outcomes in future litigation, and allows Cobalt to effectively wind down its operations.” (*Id.* at 22.)

In summary, the Court does not find the record before it sufficient to enter a finding that the proposed settlement is fair and reasonable. Accordingly, the Court hereby DENIES the present motions (Dkt. Nos. 3 and 6) without prejudice and requests additional briefing as follows:

- The parties moving for settlement approval are to file a supplemental brief that: (1) shows cause as to why additional claims were not pursued against potentially liable corporate officers in this case, (2) shows cause as to why additional or liquidated damages were not pursued, (3) provides evidence regarding Cobalt’s financial condition, and (4) explains the parties’ basis for calculating the recovery period and statute of limitations. This brief, not to exceed fourteen (14) pages, is due to the Court on or before **June 29, 2016.**

- Intervenor Engelland may file a responsive brief, not to exceed fourteen (14) pages, on or before **July 6, 2016.**

- The settlement parties may file a reply brief, not to exceed eight (8) pages, on or before **July 8, 2016.**

Upon filing of the first supplemental brief, the Court will note it as a second motion for approval of the collective action settlement and for an award of fees.

## III. CONCLUSION

For the foregoing reasons, Mr. Engelland’s motion to intervene (Dkt. No. 14) is GRANTED and the Court DENIES WITHOUT PREJUDICE the parties’ motion for FLSA certification and settlement approval (Dkt. No. 3) and for an award of fees (Dkt. No. 6). The parties are to submit additional briefing as detailed above.

//

//

//

//

DATED this 14th day of June 2016.

John C. Coughenour
UNITED STATES DISTRICT JUDGE