The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FRANCENE GREWE and LORI EBERHARD, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COBALT MORTGAGE, INC.,<br><br>Defendant. | No. 2:16-cv-00577-JCC<br><br>MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION – OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER – BARRING INTERVENOR'S COUNSEL FROM FURTHER COMMUNICATIONS WITH PUTATIVE COLLECTIVE MEMBERS REGARDING COURT-APPROVED SETTLEMENT UNTIL COURT-APPROVED NOTICE HAS BEEN SENT<br><br>NOTE ON MOTION CALENDAR: AUGUST 9, 2016<br><br>ORAL ARGUMENT REQUESTED |

MOTION FOR TEMPORARY RESTRAINING ORDER
PROHIBITING FURTHER CONTACT WITH POTENTIAL PLAINTIFFS - 1
[2:16-cv-00577]
DWT 30139259v3 0083991-000033

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

## I. INTRODUCTION

On July 27, 2016, the Court approved the settlement in this matter as "fair and reasonable" after extensively considering intervenor Eric Engelland's objections to the settlement during two rounds of briefing. In the settlement approval order, the Court instructed the parties to send a Court-approved notice by September 6, 2106, to putative class members regarding the settlement and ordered that the notice explain the differences between Engelland's state-law case—entitled *Bell-Beals et al. v. Cobalt et al.*—and this case.

The next day, without notifying the Court or the parties, Engelland's counsel Jeff James preempted the Court-sanctioned notice process by sending a letter to putative collective members who are also putative class members in *Bell-Beals*. That letter disrupted the Court-ordered notice process by mischaracterizing the Court's settlement approval order and the process by which the parties reached the settlement. The letter also falsely claims that Engelland's counsel already represents the putative class members in *Bell-Beals* and instructs the putative class members to contact Engelland's counsel in order to evaluate the Court-approved settlement offer. Cobalt is concerned that, during those further conversations, Engelland's counsel will continue providing misleading information to putative collective members in advance of the Court-issued notice.

To avoid this further harm, Cobalt asks the Court to enter a temporary restraining order prohibiting intervenor Eric Engelland and his counsel Jeff James and the law firm of Sebris Busto James from further communicating with putative collective members about the settlement until one week after the Court-approved notice materials are sent—*i.e.*, until September 12, 2016. Regardless of the Court's decision on that request, Cobalt also asks the Court to set a hearing on a motion for a preliminary injunction to the same effect.

///
///
///
///

MOTION FOR TEMPORARY RESTRAINING ORDER
PROHIBITING FURTHER CONTACT WITH POTENTIAL PLAINTIFFS - 2
[2:16-cv-00577]
DWT 30139259v3 0083991-000033

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

## II. FACTUAL BACKGROUND

### A. Engelland's Motion to Intervene and the Subsequent Briefing.

As the Court is aware, this matter is a collective action alleging violations of the overtime provisions of the Fair Labor Standards Act ("FLSA"). After reaching a settlement agreement following private mediation, the parties jointly moved for approval of a settlement of this action on April 21, 2016. Dkt. 3. On May 2, 2016, Eric Engelland, named plaintiff in a state court action alleging similar claims (the *Bell-Beals* litigation), moved to intervene in this action, Dkt. 14, and filed objections to the parties' settlement, Dkt. 15. Engelland argued that the settlement amount is "unconscionably low." Dkt. 15 at 5. Engelland further objected to Cobalt's President's proposed letter to putative collective members – encouraging them to join the collective action – as "confusing" and "misleading." Dkt. 28 at 3. On June 14, 2016, the Court granted Engelland's motion to intervene and ordered the parties to submit additional briefing regarding the concerns Engelland raised regarding the settlement. Dkt. 31 at 5, 8.

### B. The Court Approves the Settlement as Fair and Reasonable and Directs the Notice Process.

After a further round of briefing, the Court approved the settlement on July 27, 2016. Dkt. 48. The Court found "that the amount of $650,000 reflects a fair and reasonable amount for the 427 putative class members." *Id.* at 6. The Court rejected Engelland's contention that the settlement was "unconscionably low," noting that Engelland's calculation was based on his own estimate of overtime worked and that "Cobalt produced evidence that, for most employees, the potential amount owed is much closer to the settlement amount." *Id.* The Court concluded, "[t]his evidence allays the concern that the *Grewe* collective action members would be wildly undercompensated." *Id.*

The Court also specifically addressed the notice to the putative collective members by amending the parties' proposed notice letter to detail the differences between the *Grewe* settlement and the claims in *Bell-Beals*. *Id.* at 7. The Court also prohibited the notice from encouraging any putative collective member to opt-into the settlement. *Id.* Under the terms of

MOTION FOR TEMPORARY RESTRAINING ORDER
PROHIBITING FURTHER CONTACT WITH POTENTIAL PLAINTIFFS - 3
[2:16-cv-00577]
DWT 30139259v3 0083991-000033

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

the settlement, the Court-approved notice is due to be sent by September 5, 2016. Declaration of Sheehan Sullivan Weiss ("Sullivan Weiss Decl.") ¶ 7.

### C. Before the Parties Could Send the Court-Issued Notice, Engelland's Counsel Sends a Notice to Putative Collective Members Mischaracterizing the Court's Orders.

On July 28, 2016—one day after the Court issued its Order approving the settlement and directing notice to the putative class—Engelland's counsel, Jeff James, sent a letter to putative collective members in this action. That letter contains numerous false or misleading statements that undermine the Court-approved notice process. Cobalt highlights seven examples below.

*First*, Mr. James' letter states "[o]ur firm represents persons such as yourself." Declaration of Jeffrey Coop ("Coop Decl.") at ¶ 2, Ex. 2 ("James Letter") at 2; *see also* Sullivan Weiss Decl. ¶ 4 (Mr. James confirmed during a call with Cobalt's counsel that he believes the members of the *Bell-Beals* putative class are his "clients" even though no class has been certified). However, the *Bell-Beals* litigation has not yet been certified as a class action, and therefore, Mr. James represents only the named plaintiffs, not the putative class members.

*Second*, the letter states: "the United States District Court Judge described Cobalt's compensation methods as 'a scheme.'" James Letter at 2. The Court's order states that the Department of Labor has referred to certain policies, like those allegedly employed in this case, as "schemes." Dkt. 31, at 6. The Court did not, as Mr. James suggest, hold that Cobalt's pay practices constituted an unlawful scheme.

*Third*, the letter states: "The Court explained that in approving the settlement, it was not specifically considering the merits of the case. In other words, it did not make any finding that the proposed settlement was a 'good deal.'" James Letter at 2. While the Court was not required to find that the settlement is a "good deal," the Court did fully evaluate the settlement and explicitly held that the settlement was both fair and reasonable. Dkt. 48 at 6. Mr. James's letter makes no mention of the Court's determination as to the reasonableness of the settlement.

*Fourth*, the letter does not inform putative collective members that they may receive less in the *Bell-Beals* case than they will receive via the *Grewe* settlement. Instead, the letter

MOTION FOR TEMPORARY RESTRAINING ORDER
PROHIBITING FURTHER CONTACT WITH POTENTIAL PLAINTIFFS - 4
[2:16-cv-00577]
DWT 30139259v3 0083991-000033

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

suggests that success is assured in *Bell-Beals* because "[i]t is a fact that many commissioned employees worked a substantial amount of overtime that was never reported," and that "Cobalt admitted it failed to pay as required by law." *Id.* Those statements accordingly could cause putative collective members to reject the settlement on the misleading premise that they certainly will receive far more in *Bell-Beals*.

**Fifth**, the letter states: "As the Court noted in the accompanying Order, Cobalt seems to have established a scheme whereby it *discouraged* employees from reporting the actual number of hours worked." James Letter at 3 (emphasis in original). The Court's order notes "Engelland seeks similar redress under the theory that Cobalt…discouraged its employees from recording all hours worked." Dkt. 31 at 5. The Court did not determine that Cobalt discouraged employees from reporting hours worked.

**Sixth**, the letter states: "Cobalt has admitted it failed to pay as required by law. We believe Cobalt's actions were intentional – the people at the top are simply too smart to not know what they were doing." James Letter at 2. In approving notice to the collective, the Court specifically instructed the parties that they "may not misrepresent Cobalt's position on its acceptance of liability. For example, Cobalt may state that it denies any *intentional* violations of the FLSA, or it may remain silent on the question of liability." Dkt. 48 at 7. Although Mr. James may argue he is not bound by the Court's restrictions regarding notice to the collective members, his letter deliberately violates the spirt, if not the letter, of the Court's order.

**Seventh**, the letter uses inflammatory and potentially misleading or confusing language. The letter states that "a percentage of the eligible MLOs located in Washington chose *not* to participate in the settlement [in *Wheeler*]," James Letter at 1, without referencing that the percentage was incredibly small. The letter states that "Cobalt reached a deal in secret with the attorney representing the plaintiffs" and that counsel only found out about it when Cobalt was "forced to make it public," James Letter at 2, without mentioning that the parties engaged in mediation with a well-respected mediator. Finally, the letter states "we strongly recommend that you not sign anything until you have all the facts," James Letter at 4, implying that the recipient

MOTION FOR TEMPORARY RESTRAINING ORDER
PROHIBITING FURTHER CONTACT WITH POTENTIAL PLAINTIFFS - 5
[2:16-cv-00577]
DWT 30139259v3 0083991-000033

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

will not receive complete or adequate facts regarding the *Grewe* settlement from the Court-approved notice and that calling Mr. James is necessary to be fully informed.[1]

### D. Cobalt's Counsel Has Conferred with Engelland's Counsel Regarding This Motion.

On August 4, 2016, Cobalt's counsel Sheehan Sullivan Weiss contacted Mr. James to discuss the letter that he sent to putative collective members. Sullivan Weiss Decl. ¶ 3. On August 8, 2016, Ms. Sullivan Weiss and Mr. James spoke over the telephone. *Id.* ¶ 4. Ms. Sullivan Weiss notified Mr. James that Cobalt intended to seek a temporary restraining order prohibiting him from any further communications with putative collective members regarding the settlement until after the parties sent the Court-approved notice. *Id.* Mr. James stated that he did not believe that the letter was misleading but that he would consider whether to stipulate to not communicate with putative *Grewe* collective members regarding the settlement. *Id.* On August 9, 2016, Mr. James notified Cobalt's counsel that he would not agree to any restriction of his communications with putative collective members and that he plans to oppose Cobalt's motion. *Id.* ¶ 6, Ex. C. Pursuant to Federal Rule of Civil Procedure 65(b) and Local Civil Rule 65(b), Cobalt's counsel certifies that it will serve all motion papers on Intervenor Eric Engelland through his counsel contemporaneously with the filing of the motion. *See id.* ¶ 8.

### III. ARGUMENT

### A. The Court Should Issue a Temporary Restraining Order Enjoining Counsel's Improper Conduct and Schedule a Hearing on a Preliminary Injunction.

The Court may grant a temporary restraining order if Cobalt can demonstrate a likelihood of success on the merits and irreparable harm. *Emmett v. Kent Sch. Dist. No. 415*, 92 F. Supp. 2d 1088, 1089 (W.D. Wash. 2000). Where communications with potential class members are misleading, coercive, or an improper attempt to undermine the rules governing class or collective actions, a temporary restraining order is appropriate to prohibit further improper

---

[1] The letter also falsely states that opting-in to the *Grewe* settlement "means you cannot participate in the *Bell-Beals* case." James Letter at 4. Engelland's counsel fails to mention that the settlement does not resolve separate wage deduction claims Engelland seeks to assert in *Bell-Beals*.

MOTION FOR TEMPORARY RESTRAINING ORDER
PROHIBITING FURTHER CONTACT WITH POTENTIAL PLAINTIFFS - 6
[2:16-cv-00577]
DWT 30139259v3 0083991-000033

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

communications. *See Alaniz v. Sam Kane Beef Processors, Inc.*, 2007 WL 4290659, at *1 (S.D.Tex. Dec. 4, 2007) (issuing a temporary restraining order against plaintiffs for overbroad and misleading communications in collective action case). Moreover, regardless of the Court's decision on a temporary restraining order, Cobalt requests that the Court allow the matter to proceed to a preliminary injunction hearing. *See, e.g., Harris v. Jie*, C13-877RSL, 2013 WL 2321461, at *2 (W.D. Wash. May 28, 2013) (denying plaintiff's motion for temporary restraining order but granting motion for order to show cause why a preliminary injunction should not issue and scheduling hearing and briefing schedule).[2]

### 1. Cobalt Likely Will Succeed on the Merits Because Mr. James' Misleading Communication Justifies Restraining His Communications.

The Court has "both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100–01, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981). This authority includes the ability to enter orders to prevent abuses, such as "[u]napproved communications to class members that misrepresent the status or effect of the pending action." *Id.* at 101; *see also Hoffmann–La Roche, Inc. v. Sperling*, 493 U.S. 165, 170–72, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989) (applying *Gulf Oil* to collective actions under Section 216 of the FLSA). Communications with prospective plaintiffs in a collective action may also be limited if the communication "undermines or contradicts the Court's own notice to prospective plaintiffs." *Parks v. Eastwood Ins. Servs., Inc.*, 235 F. Supp. 2d 1082, 1082 (C.D. Cal. 2002).

An order limiting communications with potential collective members is appropriate as long as it is "based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." *Gulf Oil*, 452 U.S. at 101-102. Here, the Court should enter an order prohibiting Engelland's counsel from further

---

[2] Alternatively, if the Court determines that relief under Federal Rule of Civil Procedure 65 is inappropriate, Cobalt requests that the Court treat this motion as one for a protective order, and note it in accordance with Local Rule 7(d).

MOTION FOR TEMPORARY RESTRAINING ORDER
PROHIBITING FURTHER CONTACT WITH POTENTIAL PLAINTIFFS - 7
[2:16-cv-00577]
DWT 30139259v3 0083991-000033

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

contact with putative collective members regarding the settlement until the individuals receive the Court-approved notice because the communication is misleading and undermines the Court notice process.

      **a.**      **Counsel's Letter Undermines the Court's Own Notice to Prospective Plaintiffs.**

Although putative collective members are not parties to this lawsuit until they opt in, "after the Court authorizes a notice in a § 216(b) case, the Court has an interest that no… communication undermine or contradict the Court's own notice." *Parks v. Eastwood Ins. Servs., Inc.*, 235 F. Supp. 2d 1082, 1083 (C.D. Cal. 2002). In approving the parties' settlement, the Court approved the specific form of notice to putative collective members, including requiring certain amendments to the proposed notice to address concerns and objections. Dkt. 48 at 7. Pursuant to the settlement agreement, the deadline for the parties to send the notice to putative collective members is September 5, 2016. Sullivan Weiss Decl. ¶ 8. Engelland did not seek any relief from the Court to amend the proposed notice or otherwise request to preempt the notice process. Sending a unilateral letter with no notice to the Court or to the parties, shortly before the parties can send out an approved notice, demonstrates that Mr. James "intended to subvert the Court's carefully crafted notice and its role in administering the collective action." *Belt v. Emcare, Inc.*, 299 F. Supp. 2d 664, 669 (E.D. Tex. 2003).

      **b.**      **Counsel's Letter Mischaracterizes the Court's Prior Orders.**

Moreover, the letter mischaracterizes this Court's orders in several key areas. The letter implies that: (1) the Court found Cobalt's compensation structure to be an improper "scheme," (2) the Court did not make a determination on the fairness of the settlement, and (3) the Court determined Cobalt discouraged employees from reporting overtime. *See* Section II.C, *supra*. These misrepresentations could mislead putative collective members into believing the Court made rulings regarding the lawfulness of Cobalt's conduct or that the Court abdicated its responsibility to ensure that the settlement was fair and reasonable. Neither of which is true.

MOTION FOR TEMPORARY RESTRAINING ORDER
PROHIBITING FURTHER CONTACT WITH POTENTIAL PLAINTIFFS - 8
[2:16-cv-00577]
DWT 30139259v3 0083991-000033

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

### c. Counsel's Letter Contains Misrepresentations and Could Cause Confusion Among Putative Collective Members.

The communication is also improper because it can potentially mislead and confuse putative collective members. Engelland objected to Cobalt's President's letter encouraging individuals to opt in to the collective action. The Court addressed this issue by prohibiting any notice encouraging a putative collective member to opt in to the action. Mr. James' letter essentially encourages individuals to not opt in, because he promises them a better outcome if they do not opt in. The letter does not address any of the risks of the *Bell-Beals* litigation (including the possibility that class members may receive substantially less than what is offered in the *Grewe* settlement), instead very strongly implying that he will recover more than the *Grewe* settlement offers. For example, the letter states: "we are writing to provide you with the facts and the opportunity to pursue a legitimate claim against Cobalt and its owners"; "a percentage of the eligible MLOs located in Washington chose *not* to participate in the settlement, reserving their right to seek a larger settlement in our pending lawsuit"; and they intervened "to protect the Washington employees from yet another unreasonable and unconscionably low settlement deal." James Letter at 1-2. Further, although the letter states that Mr. James will respect an individual's decision to opt in, the letter implies that the recipient will not have "all the facts" unless he or she contacts Mr. James before opting in to the lawsuit.

Mr. James' solicitation of further unilateral contact with putative collective members is particularly concerning, given the misrepresentations contained in the single communication identified to date. If a putative collective member contacts Mr. James to learn "all the facts" regarding his or her potential claims, Cobalt will have no opportunity to rebut or correct any information shared with that individual. "A unilateral communications scheme, moreover, is rife with potential for coercion." *Kleiner v. First Nat. Bank of Atlanta*, 751 F.2d 1193, 1202 (11th Cir. 1985); *see also Stransky v. HealthONE of Denver, Inc.*, 929 F. Supp. 2d 1100, 1110 (D. Colo. 2013) (unilateral contact with putative collective members improper because "Plaintiffs have no opportunity to rebut Defendant's statements, apart from the Notice itself.").

MOTION FOR TEMPORARY RESTRAINING ORDER
PROHIBITING FURTHER CONTACT WITH POTENTIAL PLAINTIFFS - 9
[2:16-cv-00577]
DWT 30139259v3 0083991-000033

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Mr. James' letter also erroneously implies that Mr. James represents the recipient and other putative class members in the *Bell-Beals* litigation. That is not true because putative class counsel do not represent any of the putative class members unless and until a class is certified, which the *Bell-Beals* court has not done. *In re McKesson HBOC, Inc. Sec. Litig.*, 126 F. Supp. 2d 1239, 1245–46 (N.D. Cal. 2000) ("While lead counsel owes a generalized duty to unnamed class members, the existence of such a fiduciary duty does not create an inviolate attorney-client relationship with each and every member of the putative class.")  Mr. James' false statement could give putative class members the impression that they must confer with him, and wrongly suggests that their conversations with him are protected by the attorney-client privilege.

## 2. Cobalt Will Suffer Irreparable Harm If an Injunction is Not Issued Because Mr. James Will Continue Communicating with Putative Collective Members.

While Cobalt and the Court can attempt to correct Mr. James' misrepresentations, they cannot go back in time and prevent those misrepresentations from occurring. Moreover, those misrepresentations are likely to harm both putative collective members and Cobalt. For example, putative collective members who receive inaccurate or misleading information from Engelland's counsel may not read the correct Court-ordered notice materials or they may errantly disregard the truthful information in those communications. The failure to obtain accurate information then would cause the putative collective member to make an uninformed choice regarding accepting the settlement—a choice the putative collective member may regret if the *Bell-Beals* case does not succeed to the level Mr. James has promised. Mr. James' communications also harm Cobalt by preventing it from fairly communicating a settlement to the putative collective members despite having spent significant resources to obtain approval of the settlement.

Courts facing similar facts also have concluded that errant communications to putative class members create irreparable harm that warrants a temporary restraining order:

"Unsupervised, unilateral communications with the plaintiff class sabotage the goal of informed

MOTION FOR TEMPORARY RESTRAINING ORDER
PROHIBITING FURTHER CONTACT WITH POTENTIAL PLAINTIFFS - 10
[2:16-cv-00577]
DWT 30139259v3 0083991-000033

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

consent by urging exclusion on the basis of a one-sided presentation of the facts, without opportunity for rebuttal. **The damage from misstatements could well be irreparable**." *Kleiner v. First Nat. Bank of Atlanta*, 751 F.2d 1193, 1203 (11th Cir. 1985) (emphasis added); *see also Stransky v. HealthONE of Denver, Inc.*, 929 F. Supp. 2d 1100, 1109 (D. Colo. 2013) ("Courts have ordered a variety of remedial measures for misleading and improper communications, including prohibiting further *ex parte* communications ….").

For these reasons, the Court should restrict Engelland and his counsel's communications with putative collective members regarding the settlement until one week after the parties send the Court-issued notice to putative collective members—*i.e.*, until September 12, 2016.

### B. The Relief Cobalt Seeks Is Narrowly Tailored and Will Not Prejudice Engelland's Interests That the Court Already Addressed in it Settlement Approval Order.

Two additional considerations favor a temporary restraining order here.

*First*, the relief Cobalt seeks is narrowly tailored to avoid further irreparable harm while also avoiding any unnecessary constraints on Engelland's counsel.  For example, the order Cobalt seeks does not limit Engelland's counsel's ability to communicate with putative class members regarding any topic other than the *Grewe* settlement.  Moreover, the restriction Cobalt seeks is only for approximately one month.  Afterward, Engelland's counsel can communicate with putative collective members (provided they abide by their ethical obligations).  The order accordingly is the least restrictive means to avoid any further harm.  *See Belt v. Emcare, Inc.*, 299 F. Supp. 2d 664, 669 (E.D. Tex. 2003) (injunction prohibiting any ex parte contacts regarding the action necessary because "any less restrictive order would not effect the collective action's purposes.").

*Second*, the Court already considered Engelland's objections, approved the settlement as fair and reasonable, and required the parties to incorporate additional language into the Court-approved notice clearly explaining options available to putative members and the differences between the *Grewe* settlement and the *Bell-Beals* suit.  *See* Dkt. 48 at 7.  Engelland's objections

MOTION FOR TEMPORARY RESTRAINING ORDER
PROHIBITING FURTHER CONTACT WITH POTENTIAL PLAINTIFFS - 11
[2:16-cv-00577]
DWT 30139259v3 0083991-000033

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

have been addressed and he has no interest that will be prejudiced if he is unable to discuss the terms of the settlement with the putative collective members until after they receive the Court-approved notice.

## IV. CONCLUSION

The misleading and confusing communication Mr. Engelland's counsel sent to putative collective members necessitates Court intervention. The Court should enter a temporary restraining order, and issue an order to show cause why a preliminary injunction should not be entered, prohibiting Mr. Engelland and his counsel from further contact with the putative plaintiffs regarding the settlement in this case until September 12, 2016.

DATED this 9th day of August, 2016.

Davis Wright Tremaine LLP

By: *s/ Sheehan Sullivan Weiss*
    Sheehan Sullivan Weiss, WSBA #33189
    Taylor S. Ball, WSBA #46972
    Ryan C. Hess, WSBA #50738
    1201 Third Avenue, Suite 2200
    Seattle, WA 98101-3045
    Telephone: (206) 622-3150
    Facsimile: (206) 757-7700
    Email: sheehansullivanweiss@dwt.com
    Email: taylorball@dwt.com
    Email: ryanhess@dwt.com

*Attorneys for Defendant Cobalt Mortgage, Inc.*

MOTION FOR TEMPORARY RESTRAINING ORDER
PROHIBITING FURTHER CONTACT WITH POTENTIAL PLAINTIFFS - 12
[2:16-cv-00577]
DWT 30139259v3 0083991-000033

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

**CERTIFICATE OF ELECTRONIC SERVICE**

I hereby certify that on August 9, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system. All other parties (if any) shall be served in accordance with the Federal Rules of Civil Procedure.

DATED this 9th day of August, 2016.

> Davis Wright Tremaine LLP
> Attorneys for Defendant Cobalt Mortgage, Inc.
>
> By  s/ *Patricia Holman*
> Patricia Holman
> 1201 Third Avenue, Suite 2200
> Seattle, Washington 98101-3045
> Telephone: (206) 622-3150
> Facsimile: (206) 757-7700
> Email: Patricia.Holman@dwt.com

MOTION FOR TEMPORARY RESTRAINING ORDER
PROHIBITING FURTHER CONTACT WITH POTENTIAL PLAINTIFFS - 13
[2:16-cv-00577]
DWT 30139259v3 0083991-000033

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700