The Honorable John C. Coughenour

1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8

9   FRANCENE GREWE and LORI EBERHARD, on
behalf of themselves and all others similarly
10  situated,

11              Plaintiffs,

12          v.

13  COBALT MORTGAGE, INC.,

14              Defendant.

15

No. 2:16-cv-00577-JCC

DEFENDANT COBALT MORTGAGE,
INC.'S MOTION FOR CORRECTIVE
COMMUNICATION

NOTE ON MOTION CALENDAR:
AUGUST 26, 2016

16

17

18

19

20

21

22

23

24

25

26

27

MOTION FOR CORRECTIVE COMMUNICATION
[2:16-cv-00577 JCC]
DWT 30173736v3 0083991-000033

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## I.       INTRODUCTION

As the Court is aware, it has restrained intervenor Eric Engelland and his counsel Sebris Busto James from further communications with putative collective action members based on Jeff James' July 28, 2016, letter (the "James Letter") that "mischaracterize[d] the facts" related to the parties' settlement and "imposed significant hardship on the fair administration of this case." Dkt. 53 at 5:10, 6:6.  While that relief avoids further miscommunications, it does not remedy the confusion and misinformation the letter has injected into the Court-approved settlement process. Cobalt therefore seeks the Court's permission to have the settlement administrator include a corrective letter with the settlement notice sent to putative collective members who received the James Letter.  The corrective letter would inform recipients that they should rely on the Court-approved settlement notice—not the James Letter—and that they should disregard specific misrepresentations in the James Letter.  For the Court's consideration, Cobalt has attached a proposed one-page corrective letter with this motion as Exhibit A.[1]

## II.       FACTUAL BACKGROUND

The relevant facts are contained in the Cobalt's Motion for Temporary Restraining Order (Dkt. 49) and the Court's Order Granting Motion for a Temporary Restraining Order (Dkt. 53).

In short, the day after the Court approved the settlement agreement in this case, Mr. James unilaterally sent a letter to the Washington Production Partners who are putative collective members in this case and who also are putative class members in the overlapping *Bell-Beals* case.  Dkt. 49 at 5-8; Sullivan Weiss Decl. (Dkt. 50), ¶ 3, Exh. A (suggesting letter may have been sent to others as well).  On August 9, 2016, Cobalt asked the Court to temporarily restrain Engelland and his counsel from further communications with putative collective members based on various misrepresentations in the James Letter.  Dkt. 49 at 4-6 (detailing misrepresentations).

---

[1] In order to facilitate this process, Cobalt also asks that the Court order Engelland's counsel to provide a list of the individuals to whom they sent the James Letter.

MOTION FOR CORRECTIVE COMMUNICATION - 1
[2:16-cv-00577 JCC]
DWT 30173736v3 0083991-000033

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1  On August 10, 2016, the Court granted that motion.  The Court found that the James

2  Letter "mischaracterize[d] the facts" related to the parties' settlement and "imposed significant

3  hardship on the fair administration of this case."  Dkt. 53 at 5:10, 6:6.  Specifically, the Court

4  found that the letter "suggests that Mr. James represents the person receiving the letter despite

5  the fact that no class has been certified in the *Bell-Beals* suit."  *Id.* at 2:13-15.  The Court also

6  concluded that the letter misrepresented its settlement-related rulings by suggesting the Court

7  had found that Cobalt used an unlawful payment "scheme" and discouraged individuals from

8  reporting overtime.  *Id.* at 2:19-3:5.  The Court further observed that the letter "function[ed]

9  essentially to dissuade potential collective action members from opting into the settlement."  *Id.*

10 at 2:11-13.

11  Based on those findings, Cobalt now seeks a Court-approved corrective communication

12 to attempt to limit the harm the James Letter already has caused.

13  ### III.    ARGUMENT

14  As the Court has recognized, it "has both the duty and the broad authority to exercise

15 control over a class action and to enter appropriate orders governing the conduct of counsel and

16 parties."  *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100-01 (1981); Dkt. 53 at 4:15-16 (quoting *Gulf*

17 *Oil*).  A court accordingly possesses broad discretion to fashion an appropriate remedy where an

18 individual makes false or misleading statements to potential class or collective action members.

19 *Stransky v. HealthONE of Denver, Inc.*, 929 F. Supp. 2d 1100, 1109 (D. Colo. 2013).  "That

20 discretion includes requiring the issuance of corrective notices and action to ameliorate

21 confusing or misleading communications."  *O'Connor v. Uber Techs., Inc.*, 2013 WL 6407583,

22 at *7 (N.D. Cal. Dec. 6, 2013).

23  Therefore, courts regularly issue corrective communications to reduce confusion and

24 dispel errant information where, as here, an individual sends a misleading or improper

25 communication to putative collective action members.  *See, e.g., In re McKesson HBOC, Inc.*

26 *Sec. Litig.*, 126 F. Supp. 2d 1239, 1246 (N.D. Cal. 2000) ("Turning to the remedy for [the

27 misleading communication to the class], the court believes that it is necessary to provide curative

MOTION FOR CORRECTIVE COMMUNICATION - 2
[2:16-cv-00577 JCC]
DWT 30173736v3 0083991-000033

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

notice to solicited class members, so that they are not confused ….”); *Stransky*, 929 F. Supp. 2d at 1110  (same); *Georgine v. Amchem Prods., Inc.*, 160 F.R.D. 478, 506 (E.D. Pa. 1995) (same); *Talavera v. Leprino Foods Co.*, 2016 WL 880550, at *6 (E.D. Cal. Mar. 8, 2016) (same); *Ladegaard v. Hard Rock Concrete Cutters, Inc.*, 2001 WL 1403007, at *7 (N.D. Ill. Nov. 9, 2001) (“Communications that contain incorrect information are particularly a subject of a curative notice from the court, at the expense of those at fault.” (quotation omitted)).

Following that approach here produces two advantages related to the management of the settlement process.  First, without an explicit correction from the Court, putative collective members may not understand that the James Letter was not approved by the Court and that the Court-approved notice is the only official communication from the Court regarding the settlement.  That confusion could cause individuals to credit the errant information in the James Letter over the correct information in the Court-approved notices.  Second, the corrective communication remedies the misrepresentations in the James Letter so that individuals have accurate information when deciding whether to accept the settlement.

Cobalt accordingly has proposed a one-page letter that accomplishes these results by: (1) informing recipients that the James Letter was not Court-approved; (2) directing recipients to the Court-approved settlement notice as the official source of information regarding the settlement; (3) correcting Mr. James’ specific misrepresentations; and (4) directing further questions to Rowdy Meeks, whom the Court has appointed to represent the putative collective members. *See* Exh. A.  To ensure individuals have the corrective letter when they read the Court-approved notice, Cobalt proposes attaching that corrective letter to the settlement notices sent to putative collective members who received the James Letter.  Of course, Cobalt is willing to accept any modifications to Exhibit A or its proposed distribution process that the Court would like.

## IV.    CONCLUSION

Cobalt respectfully requests that the Court approve a curative communication like the one attached to this motion as Exhibit A in order to avoid confusion regarding the Court-ordered notice process and to correct misrepresentations in the James Letter.

MOTION FOR CORRECTIVE COMMUNICATION - 3
[2:16-cv-00577 JCC]
DWT 30173736v3 0083991-000033

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1    DATED this 11th day of August, 2016.

2

3                                        Davis Wright Tremaine LLP

4

                                         By: *s/ Sheehan Sullivan Weiss*
5                                            Sheehan Sullivan Weiss, WSBA #33189
                                             Taylor S. Ball, WSBA #46972
6                                            Ryan C. Hess, WSBA #50738
                                             1201 Third Avenue, Suite 2200
7                                            Seattle, WA 98101-3045
                                             Telephone: (206) 622-3150
8                                            Facsimile: (206) 757-7700
                                             Email:  sheehansullivanweiss@dwt.com
9                                            Email:  taylorball@dwt.com
                                             Email:  ryanhess@dwt.com
10
                                         *Attorneys for Defendant Cobalt Mortgage, Inc.*
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

MOTION FOR CORRECTIVE COMMUNICATION - 4
[2:16-cv-00577 JCC]
DWT 30173736v3 0083991-000033

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1

**CERTIFICATE OF ELECTRONIC SERVICE**

2          I hereby certify that on August 11, 2016, I electronically filed the foregoing with the

3    Clerk of the Court using the CM/ECF system, which will send notification of such filing to those

4    attorneys of record registered on the CM/ECF system.  All other parties (if any) shall be served

5    in accordance with the Federal Rules of Civil Procedure.

6          DATED this 11th day of August, 2016.

7
                                        Davis Wright Tremaine LLP
8                                       Attorneys for Defendant Cobalt Mortgage, Inc.

9

10                                      By  *s/ Anita A. Miller*
                                            Anita A. Miller
11                                          1201 Third Avenue, Suite 2200
                                            Seattle, Washington 98101-3045
12                                          Telephone: (206) 622-3150
                                            Facsimile: (206) 757-7700
13                                          Email: anitamiller@dwt.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27

MOTION FOR CORRECTIVE COMMUNICATION - 5
[2:16-cv-00577 JCC]
DWT 30173736v3 0083991-000033

# EXHIBIT A

Dear [_____]:

Enclosed is an official Court-ordered notice regarding the settlement in a case called *Francene Grewe and Lori Eberhard v. Cobalt Mortgage, Inc.*  The notice contains important information regarding your right to determine whether you want to claim a share of the settlement in that case.  You should read the notice carefully because it contains the information the Court has determined you need to know about the settlement.

You may have previously received a letter dated July 28, 2016, from an attorney named Jeff James and his law firm called Sebris Busto James regarding the settlement.  That letter was sent without the Court's approval.  It mischaracterizes the Court's orders related to the settlement and improperly attempts to influence your decision regarding the settlement.

Specifically, the Court corrects the following misrepresentations in Mr. James' letter:

- Mr. James' letter suggests Mr. James and his law firm represent you in a separate case called *Shari Bell-Beals, Alan Thain, and Eric Engelland v. Cobalt Mortgage, Keith Tibbles, and Charles Gehre*.  That is not true.  The court overseeing that case has not appointed Mr. James or his law firm to represent you.

- Mr. James' letter suggests this Court determined that Cobalt's pay practices were an unlawful scheme and that Cobalt discouraged employees from reporting overtime.  The Court did not make any of those findings.

- Mr. James' letter states the Court has not determined that the settlement is a "good deal."  While the Court did not make that specific finding, it has concluded that the settlement is a "fair and reasonable" resolution of the claims in the *Grewe* case.

- Mr. James' letter states the parties reached their settlement in "secret" and only disclosed it when "forced" to do so.  That is misleading.  The Court has found that the parties in this case reached a settlement voluntarily with the assistance of a well-respected mediator and duly submitted the agreement to the Court for approval.

Because of Mr. James' misrepresentations, the Court has prohibited him and members of his law firm from discussing the settlement with you until at least September 12, 2016.

If you have questions regarding the settlement, you may contact an attorney named Rowdy Meeks.  The Court appointed him to represent the group of employees covered by the settlement in this case, and the enclosed Court-approved settlement notice contains his contract information.  Please **<u>DO NOT</u>** contact the Court with any questions you may have.

Very Truly Yours,

Judge John C. Coughenour

2

United States District Judge

DWT 30178057v2 0083991-000033